**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

JOSEPH ARDINO, on behalf of himself and all others similarly situated,

Plaintiff(s),

-against-

FINANCIAL RECOVERY SERVICES, INC, and JOHN DOES 1-25,

Defendant(s).

Civil Case Number: ______________

**CIVIL ACTION**

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, JOSEPH ARDINO, on behalf of himself and all others similarly situated (hereinafter "Plaintiff") by and through his undersigned attorney, alleges against the above-named Defendants, FINANCIAL RECOVERY SERVICES, INC, (hereinafter "FRSI") and JOHN DOES 1-25, collectively (hereinafter "Defendants") their employees, agents, and successors the following:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendants' violation of 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3. Venue is proper in this district under 28 U.S.C. §1391(b)(2) because the acts and transactions that give rise to this action occurred, in substantial part, in this district.

## DEFINITIONS

4. As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

5. The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6. Plaintiff is a natural person and a resident of the State of New Jersey, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7. FRSI is a foreign corporation with its executive offices located at 4900 Viking Drive, Edina, MN 55435.

8. John Does 1-25, are fictitious names of individuals and business alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ACTION ALLEGATIONS

9. Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all New Jersey consumers and their successors in interest (the "Class"), who have received debt collection letters and/or notices from the Defendants attempting to collect debts allegedly owed to Dell Financial Services, LLC, which are in violation of the FDCPA, as described in this Complaint.

10. This Action is properly maintained as a class action. The Class consists of:

- All New Jersey consumers who received collection letters and/or notices from the Defendants attempting to collect debts allegedly owed to Dell Financial

Services, LLC, that contained at least one of the alleged violations arising from the Defendants' violation of 15 U.S.C. § 1692 *et seq*.

- The Class period begins one year to the filing of this Action.

11. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from the Defendants that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons;
- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a. Whether the defendants violated various provisions of the FDCPA including but not limited to:

       15 U.S.C. §§1692g(a) *et seq.* and 1692e(10);

    b. Whether Plaintiff and the Class have been injured by the Defendants' conduct;

    c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

d. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.
- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.
- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.
- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.
- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendants' conduct is allowed to proceed without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

**STATEMENT OF FACTS**

12. At all times relevant, the principal purpose of FRSI was the collection of debts using the mail and telephone.

13. At all times relevant, FRSI regularly attempted to collect debts alleged to be due to another.

14. At all times relevant, FRSI regularly collected or attempted to collect debts due or alleged to be due another.

15. At all times relevant, FRSI regularly collected or attempted to collect debts owed or due or asserted to be owed or due another, which debts were incurred primarily for personal, family or household purposes.

16. At all times relevant, FRSI used the mail, telephone or other instruments of interstate commerce in its attempts to collect debts due or alleged to be due another.

17. At all times relevant, FRSI used the mail, telephone or other instruments of interstate commerce in its attempts to collect consumer debts owed or due or asserted to be owed or due another.

18. At all times relevant, the principal business engaged in by FRSI was the collection of debts, which debts were incurred primarily for personal, family or household purposes.

19. FRSI is a "debt collector" within the scope of the definition contained in 15 U.S.C. § 1692a(6) and interpretations thereof.

20. FRSI has been found to be a “debt collector" and/or has admitted to being a “debt collector” within the scope of the definition contained in 15 U.S.C. § 1692a(6) and interpretations thereof in lawsuits brought against them within the last two years alleging violations of the Fair Debt Collection Practices Act (15 U.S.C. § 1692 et seq.).

21. Plaintiff is a “consumer” as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

22. The debts alleged to be owed by the Plaintiff and others similarly situated are consumer debts.

23. Plaintiff and others similarly situated are consumers as they are natural persons allegedly obligated to pay a debt, in which the money, property, insurance, or services, which was the subject of the transaction, was primarily for personal, family and/or household purposes.

24. On or about June 13, 2011, Allied caused to be mailed to Plaintiff a letter attempting to collect a debt owed to Dell Financial Services, LLC,. A copy of said letter is annexed hereto as Exhibit A.

25. Said letter was the first letter FRSI sent to Plaintiff in its attempt to collect said debt.

26. Said letter stated in part: “YOU OWE $2854.04. FOR FURTHER INFORMATION, WRITE THE UNDERSIGNED OR CALL 1-866-415-2398.”

27. The signature portion said letter states:

> SINCERELY,
>
> JAMIE VANHALL
> ACCOUNT MANAGER
> TOLL FREE: 1-866-415-2398

28. Upon receipt, Plaintiff read said letter.

29. Within the period beginning on the day one year prior to the date this Complaint is filed to the present, FRSI sent initial collection letters attempting to collect debts on behalf of Dell Financial Services, LLC, to more than 100 consumers residing within the State of New Jersey.

30. Within the period beginning on the day one year prior to the date this Complaint is filed to the present, FRSI sent initial collection letters attempting to collect debts on behalf of Dell Financial Services, LLC, to more than 100 consumers residing within the State of New Jersey in which stated in part: "YOU OWE $2854.04. FOR FURTHER INFORMATION, WRITE THE UNDERSIGNED OR CALL 1-866-415-2398" and included a signature portion which stated:

SINCERELY,

JAMIE VANHALL<br>ACCOUNT MANAGER<br>TOLL FREE: 1-866-415-2398

31. A dispute of a debt, to be effective, in the Third Circuit, must be in writing. Graziano v. Harrison, 950 F.2d 107, 112 (3d Cir. 1991).

32. FRSI could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692 VIOLATION OF 15 U.S.C. § 1692g *et seq.*

33. Plaintiff repeats the allegations contained in paragraphs 1 through 32 as if the same were set forth at length.

34. Collection letters and/or notices such as those sent by FRSI, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

35. Section 1692g of the FDCPA requires the debt collector to give what is commonly referred to as a thirty-day (30) notice within five (5) days of its communication with the consumer.

Section 1692g of the FDCPA requires the debt collector to give what is commonly referred to as a thirty-day (30) notice within five (5) days of its communication with the consumer.

36. Section 1692g(a)(3),(4),(5) of the FDCPA requires the debt collector:

> Within five days after the initial communication with a consumer in connection with the collection of any debt… send the consumer a written notice containing ---
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector ---
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and ---
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

37. The second paragraph on FRSI's to Plaintiff, dated December 23, 2010, states in its entirety, "YOU OWE $2854.04. FOR FURTHER INFORMATION, WRITE THE UNDERSIGNED OR CALL 1-866-415-2398."

38. The signature portion on said letter states:

SINCERELY,

JAMIE VANHALL
ACCOUNT MANAGER
TOLL FREE: 1-866-415-2398

39. The least sophisticated consumer upon reading the notice from FRSI, will be confused as to method required to effectively dispute the alleged debt and prevent the FRSI from assuming the debt is valid.

40. A dispute of a debt, to be effective, in the Third Circuit, must be in writing. Graziano v. Harrison, 950 F.2d 107, 112 (3d Cir. 1991)

41. Upon reading the notice from FRSI, the least sophisticated consumer would believe that he either write or call the account manager, Jamie Vanhall at the toll free number of 1-866-415-2398.

42. FRSI violated Section 1692g et seq. of the FDCPA by providing instructional language which is confusing and makes the least sophisticated consumer uncertain as to what he must do to effectively dispute the alleged debt.

43. By reason thereof, Defendants are liable to Plaintiff for declaratory judgment that Defendants' conduct, violated Section 1692g et seq., of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II

## FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692
## VIOLATION OF 15 U.S.C. § 1692e(10)

44. Plaintiff repeats the allegations contained in paragraphs 1 through 43 as if the same were here set forth at length.

45. Section 1692e(10) of the FDCPA prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

46. FRSI violated Section 1692e(10) of the FDCPA by providing language that misrepresents to the least sophisticated consumer that he could either write or call Jamie Vanhall to dispute the debt and prevent the debt collector from assuming the debt to be valid, when in fact he must dispute the alleged debt in writing for the dispute to be effective.

44. By reason thereof, Defendants are liable to Plaintiff for declaratory judgment that Defendants' conduct violated Section 1692e(10) of the FDCPA, statutory damages, costs and attorneys' fees.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and, Joseph K. Jones, Esq., as Class Counsel;

(b) Issuing a preliminary and/or permanent injunction restraining Defendants, their employees, agents and successors from, *inter alia*, engaging in conduct and practices that are in violation of the FDCPA;

(c) Issuing a declaratory Order requiring Defendants to make corrective disclosures;

(d) Awarding Plaintiff and the Class statutory damages;

(e) Awarding Plaintiff costs of this Action, including reasonable attorney's fees and expenses; and

(f) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: Fairfield, New Jersey
November 2, 2011

*s/ Joseph K. Jones*

Joseph K. Jones, Esq. (JJ5509)
Law Offices of Joseph K. Jones, LLC
375 Passaic Avenue, Suite 100
Fairfield, New Jersey 07004
(973) 227-5900 telephone
(973) 244-0019 facsimile
jkj@legaljones.com

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

*s/ Joseph K. Jones*
Joseph K. Jones, Esq.

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Joseph K. Jones, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: November 2, 2011

*s/ Joseph K. Jones*
Joseph K. Jones, Esq.

# Exhibit

# A

**FINANCIAL RECOVERY SERVICES, INC.**

P.O. Box 385908
Minneapolis, MN 55438-5908
1-866-415-2398

DEPT 813 8880068611066
PO BOX 4115
CONCORD CA 94524

Return Service Requested

June 13, 2011

DXU591
JOSEPH ARDINO
475 RAGLAND DR
ROSELLE PARK NJ 07204-2417

CLIENT: DELL FINANCIAL SERVICES, 001-TERT
CURRENT CREDITOR: DELL FINANCIAL SERVICES L.L.C.
REGARDING: DELL FINANCIAL SERVICES L.L.C.
ACCOUNT NUMBER: XXXXXXXXXXXXXXX9994
BALANCE: $2854.04

# ******INITIAL NOTIFICATION******

THE ACCOUNT(S) LISTED ABOVE HAVE BEEN ASSIGNED TO THIS AGENCY FOR COLLECTION. WE ARE A PROFESSIONAL COLLECTION AGENCY ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION WE OBTAIN WILL BE USED AS A BASIS TO ENFORCE COLLECTION OF THIS DEBT.

YOU OWE $2854.04. FOR FURTHER INFORMATION, WRITE THE UNDERSIGNED OR CALL 1-866-415-2398.

UNLESS YOU NOTIFY THIS OFFICE WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL ASSUME THIS DEBT IS VALID. IF YOU NOTIFY THIS OFFICE IN WRITING WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL OBTAIN VERIFICATION OF THE DEBT OR OBTAIN A COPY OF A JUDGMENT AND MAIL YOU A COPY OF SUCH JUDGMENT OR VERIFICATION. IF YOU REQUEST THIS OFFICE IN WRITING WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THIS OFFICE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR.

THIS COMMUNICATION IS FROM A DEBT COLLECTION AGENCY LICENSED BY THE MINNESOTA DEPARTMENT OF COMMERCE.

SINCERELY,

JAMIE VANHALL
ACCOUNT MANAGER
TOLL FREE: 1-866-415-2398

THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR. SEE REVERSE SIDE FOR IMPORTANT INFORMATION.

Office hours are: Monday-Thursday, 7am to 8pm; Friday 7am to 5pm; Saturday 7am to noon.

***DETACH AND RETURN THIS PORTION OF THIS NOTICE WITH YOUR PAYMENT***

NOTE: ANY CHECK RETURNED FOR INSUFFICIENT FUNDS OR ACCOUNT CLOSED WILL BE ASSESSED A $15.00 CHARGE.

AMOUNT ENCLOSED:__________

HOME PHONE:__________

WORK PHONE:__________

FINANCIAL RECOVERY SERVICES, INC.
P.O. BOX 385908
MINNEAPOLIS, MN 55438-5908

TOTAL BALANCE DUE: $2854.04

FRS File#: DXU591

TOLL FREE: 1-866-415-2398

JOSEPH ARDINO
475 RAGLAND DR
ROSELLE PARK NJ 07204-2417

