## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

**JOSEPH ARDINO, on behalf of himself and all other similarly situated,**

**Plaintiff(s),**

**v.**

**FINANCIAL RECOVERY SERVICES, INC.,  and JOHN DOES 1-25,**

**Defendants.**

No. 2:11-CV-06520 (WJM)

**OPINION**

      This matter comes before the Court on Defendant's motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. For the reasons provided below, the Court will **GRANT** the motion.

## I.    Factual and Procedural Background

      Plaintiff Joseph Ardino is a New Jersey resident. Defendant Financial Recovery Services, Inc. ("FRS") is a debt-collector based in Minnesota. On June 13, 2011, FRS mailed to Plaintiff a letter attempting to collect a debt owed to Dell Financial Services, LLC (the "Communication").[1] After identifying itself as an attempt to collect a debt and providing the name of the current creditor and other identifying information, the Communication states, in relevant part:

> YOU OWE $2854.04. FOR FURTHER INFORMATION, WRITE THE UNDERSIGNED OR CALL 1-866-415-2398. UNLESS YOU NOTIFY THIS OFFICE WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL ASSUME THIS DEBT IS VALID. IF YOU NOTIFY THIS OFFICE IN WRITING WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF This DEBT OR ANY PORTION

---

[1] Because Plaintiff attached the Communication to the Complaint and because the Complaint relies upon the Communication, the Court may take judicial notice of the Communication without converting this motion to dismiss to one for summary judgment. *See McTernan v. City of York, Penn.*, 577 F.3d 521, 526 (3d Cir. 2009).

THEREOF, THIS OFFICE WILL OBTAIN A VERIFICATION OF THE DEBT OR OBTAIN A COPY OF A JUDGMENT AND MAIL YOU A COPY OF SUCH JUDGMENT OR VERIFICATION. IF YOU REQUEST THIS OFFICE IN WRITING WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THIS OFFICE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR.

The Communication continues, and at the bottom, just below the signature line of the account manager presumably in charge of the collection, it repeats the toll-free telephone number.

Plaintiff filed this lawsuit claiming that the Communication violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA") because the Communication could lead a consumer to believe that he could legally dispute the debt by simply calling the telephone number. Count I of the Complaint alleges a violation of Section 1692g(a), and Count II alleges a violation of Section 1692e. The Complaint also purports to be a class action and alleges that more than one hundred New Jersey residents also received similarly confusing and misleading letters from FRS.

## II.  Legal Analysis

### A.  Motion to Dismiss Standard

In deciding a motion to dismiss under Rule 12(b)(6), a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998). This assumption of truth is inapplicable, however, to legal conclusions couched as factual allegations or to "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009).

Although a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible on its face." *See id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . .

. it asks for more than a sheer possibility." *Iqbal*, 129 S.Ct. at 1949 (2009).

B.  The FDCPA

Because the FDCPA is a remedial statute, the courts must construe its language broadly and analyze communications from lenders to debtors from the perspective of the "least sophisticated debtor". *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 453-54 (3d Cir. 2006) (citations omitted). "The basic purpose of the least-sophisticated [debtor] standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd. This standard is consistent with the norms that courts have traditionally applied in consumer-protection law." *Id.* at 453 (quotation omitted). The least sophisticated debtor standard is a low standard, but it does not allow "liability for bizarre or idiosyncratic interpretations of collection notices" because it asks the courts to "preserv[e] a quotient of reasonableness and presume[] a basic level of understanding and willingness to read with care." *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354-55 (3d Cir. 2000) (internal quotation marks and citation omitted). And "[e]ven the least sophisticated debtor is bound to read collection notices in their entirety." *Campuzano-Burgos v. Midland Credit Mgmt.*, 550 F.3d 294, 299 (3d Cir. 2008).

C.  Count I: Alleged Violation of Section 1692g(a).

Plaintiff alleges that the Communication violates subsections (3), (4), and (5) of Section 1692g(a) because it is confusing in that the least sophisticated consumer could believe he could dispute the debt by either writing or calling when, by law, he could only dispute the debt in writing. The Court disagrees.

Under Section 1692g(a), a debt collection letter sent to a consumer must include, among other things, the following information:

> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

*See also Wilson*, 225 F.3d at 353-54. This is what courts often refer to as the "validation notice". *Wilson*, 225 F.3d at 353-54. As quoted above, the

3

Communication contains an almost verbatim recitation of the validation notice just after it provides the information regarding the telephone. But the mere inclusion of the validation notice does not mean a letter cannot still violate Section 1692g(a). A collection letter will not meet the requirements of Section 1692g(a) where the validation notice is overshadowed or contradicted by accompanying messages or notices from the debt collector. *Id.* at 354. Whether language in a collection letter contradicts or overshadows the validations notice is a question of law that a court may decide on a motion to dismiss. *Wilson*, 225 F.3d at 353 n.2.

Plaintiff does not – and likely could not – take issue with the language of the validation notice. Rather, Plaintiff argues that the inclusion of the language "FOR FURTHER INFORMATION, WRITE THE UNDERSIGNED OR CALL 1-866-415-2398" and the inclusion of the telephone number below the signature line result in confusion. Plaintiff's argument is, in essence, that the additional information regarding the telephone number overshadows or contradicts the otherwise proper validation notice.[2]

The case law does not support Plaintiff's position. Numerous courts have held that the inclusion of a telephone number and an instruction to call does not contradict or overshadow an otherwise proper validation notice. *See, e.g.*, *Terran v. Kaplan*, 109 F.3d 1428, 1434 (9th Cir. 1997) ("[T]he request that the alleged debtor immediately telephone a collection assistant does not overshadow the language in the notice that the alleged debtor has thirty days in which to dispute the debt. The validation notice immediately follows the language regarding an immediate telephone call."); *Warren v. Specified Credit Ass'n Inc.*, No. 11-1635, 2012 WL 1067728, at *3 (D.N.J. Mar. 28, 2012) (holding language instructing statement to "contact the office immediately to discuss payment" did not contradict or overshadow the validation notice); *Lerner v. Forster*, 240 F. Supp. 2d 233, 238 (E.D.N.Y. 2003) (granting motion to dismiss FDCPA claims and holding "[i]t does not follow that simply because a collection letter instructs a consumer to contact a debt collector that the validation notice is necessarily overshadowed or contradicted.").

The language in the Communication informing the debtor that he may call for further information does not bear in any way on what the debtor must do to dispute the debt. Courts have found that much more potentially confusing language did not overshadow or contradict the validation notice. *See, e.g.*, *Lerner*, 240 F. Supp. 2d at 235-36 (dismissing claim where collection letter included validation notice but also stated "[i]f you want to resolve this matter you may take one of the following actions: You may either pay the balance in full or contact my client at 1-

---

[2] Plaintiff asserts that this is not a matter of overshadowing but whether the letter is confusing and misleading. Plaintiff provides no authority or even logical explanation for how the legal analysis should be different. Rather, this appears to be simply an attempt to distinguish unfavorable but valid case law.

800-280-0559 and work out an arrangement for payment."). The only purpose for the telephone call stated in the Communication is for additional information – it does not directly or indirectly contradict the validation notice. The validation notice appears immediately after the telephone number in the body of the Communication and is printed in all capital letters and in the exact same font as the language regarding the telephone number. Review of the entirety of the Communication reveals that a proper dispute must be made in writing. Plaintiff's interpretation requires the reader to ignore his own common sense and is the kind of idiosyncratic interpretation that the Court need not heed, even under the low bar of the least sophisticated debtor standard. Thus, the Court will dismiss Count I of the Complaint.

### D. Count II: Alleged Violation of Section 1692e

Plaintiff also alleges that the Communication violates Section 1692e because it could be interpreted in two different ways, one of which is inaccurate, and because it does not clearly advise that the debtor could only dispute the debt in writing. Again, the Court disagrees.

1692e states:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section . . . (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

Subsection 1692(e)(10) is a "catchall-type provision" meant to prohibit deceptive means not explicitly addressed by the other subsections of Section 1692e. *Rosenau v. Unifund Corp.*, 539 F.3d 218, 224 (3d Cir. 2008).

Plaintiff's claim for a violation of Section 1692e is a mere variation of its claim for violation of Section 1692g(a). Both rely on a finding that the Communication could give the least sophisticated debtor the impression that he could properly dispute the debt with a telephone call. If the Communication is confusing, then, Plaintiff argues, it must also be misleading.

Setting aside the circular logic of this argument, Plaintiff's claim must fail for the same reasons his claim under Section 1692g(a) fails. As discussed above, even under the least sophisticated consumer standard, the Communication is not subject to Plaintiff's unreasonable interpretation. Thus, it can hardly constitute the kind of false or deceptive means prohibited by the FDCPA.

Plaintiff's one case cited in support of his Section 1692e claim, *Smith v. Lyons, Doughty & Veldhuius, P.C.*, No. 07-5139, 2008 WL 2885887 (D.N.J. July 23, 2008), does not avail him. First, the Section 1692e claim in *Smith v. Lyons*

involved an alleged failure to disclose information regarding accruing interest, *see id.*, which is not at issue here. And second, even if the Court were to interpret *Smith v. Lyons* as standing for the broader proposition that a collection letter is deceptive when it can reasonably be read to have two or more different meanings, one of which is inaccurate, *see id.* at *7, the Plaintiff's argument must still fail: here, the Communication cannot reasonably be read in the way that Plaintiff suggests. Thus, the Court will also dismiss Count II of the Complaint.

### III.   Conclusion

For the foregoing reasons, the Court will grant the motion and dismiss the Complaint in its entirety *without* prejudice. Because this is the first dismissal, Plaintiff will have 30 days to amend his complaint prior to dismissal with prejudice. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

An appropriate order follows.


_____/s/ William J. Martini_____
**WILLIAM J. MARTINI, U.S.D.J.**